IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEVEN TODD FAIRCLOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:25-CV-439 (MTT) |
| ) | |
| Deputy PAUL SIMMONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

On October 7, 2025, plaintiff Steven Faircloth, proceeding pro se, filed his complaint. ECF 1. That same day, he filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the reasons stated, Faircloth's motion to proceed IFP (ECF 2) is **GRANTED**. However, Faircloth's complaint lacks important factual allegations that Faircloth may have omitted because of his pro se status. Thus, the Court **ORDERS** Faircloth to amend his complaint by **November 26, 2025**.

### I. DISCUSSION

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Faircloth's IFP affidavit establishes that he cannot pay the court fees. ECF 2. Thus, the Court finds that Faircloth is unable to pay the costs of this proceeding without undue hardship and therefore his motion for leave to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Faircloth is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Faircloth filed this action against Houston County, Georgia, as well as several employees of the Houston County Sheriff's Office, including Deputy Paul Simmons, Major Brian Blanton, Captain Gregor Runyon, Michelle Westbrook, and Houston County, Ga. ECF 1 at 1. Faircloth asserts four claims: (1) excessive force against Deputy Simmons; (2) supervisory liability and failure to intervene against Major Blanton, Captain Runyon, and Westbrook; (3) municipal liability against Houston County, and (4) state law claims for assault, battery, and intentional infliction of emotional distress against "defendants." *Id.* at 2.

Faircloth's claims arise out of a September 2023 detention in the Houston County Detention Center. *Id.* at 1. He alleges that he was "improperly placed in solitary" confinement and that while he was in solitary confinement, he was deprived of food, water, a mattress, and clothing. *Id.* at 1-3. Faircloth also alleges that while he was in solitary confinement, Deputy Simmons threatened Faircloth with a taser and slammed his head against the wall. *Id.* After his release, Faircloth alleges he "filed a formal complaint … and … spoke directly with Major Blanton." *Id.* at 2. According to Faircloth, he also emailed Major Blanton and Captain Runyon to follow up on his complaint. *Id.*

Here, while Faircloth likely states a claim against Deputy Simmons, his allegations against the remaining defendants are largely conclusory and lack essential information. Faircloth's only allegations against Major Blanton and Captain Runyon are that they did not respond appropriately to complaints Faircloth lodged after he was

released from detention. *Id.* at 2. That is not enough to state a claim for supervisory liability or failure to intervene. *See Keith v. Dekalb Cnty., Georgia,* 749 F.3d 1034, 1047 (11th Cir. 2014) ("[T]o hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation."); *Velazquez v. City of Hialeah,* 484 F.20 1340, 1341 (11th Cir. 2007) ("The law of this circuit is that 'an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'") (citation modified)). As for Westbrook, Faircloth does not allege that she had any role in the alleged constitutional violations, apart from a conclusory allegation that Westbrook "failed to intervene or meaningfully discipline Simmons." ECF 1 at 2. Finally, Faircloth has not stated a claim for municipal liability because he does not plausibly allege that Houston County has either an official or unofficial custom or practice that violates the Constitution. *Monell v. Dep't of Soc. Serv.'s*, 436 U.S. 658, 694-95 (2018).

Thus far, Faircloth's allegations appear thin, and the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). It is not clear whether this deficiency is because of the manner in which the allegations have been pled, or whether they simply lack substance. However, given Faircloth's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F.

App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Faircloth is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing his claims. Faircloth shall have until **November 26, 2025** to file his amended complaint.

In the "statement of claims" section of his amended complaint, Faircloth must link any claims he makes to a named defendant. If Faircloth fails to link a named defendant to a claim, the claim will be dismissed; if Faircloth makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

Faircloth must provide enough facts to plausibly demonstrate that each defendants' actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Faircloth list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Faircloth injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Faircloth's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Faircloth may not refer to, or incorporate by reference, his previous complaint. The

Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Faircloth's motion to proceed IFP (ECF 2) is **GRANTED**, and Faircloth is **ORDERED** to amend his complaint no later than **November 26, 2025.**

**SO ORDERED**, this 12th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
