IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STEVEN TODD FAIRCLOTH,      )
                     )
                     )
         Plaintiff,     )
                     )
        v.             )   CIVIL ACTION NO. 5:25-CV-439 (MTT)
                     )
DEPUTY PAUL SIMMONS,    )
                     )
        Defendant.    )
                     )

## ORDER

Defendant Deputy Paul Simmons of the Houston County Sheriff's Office moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In an effort to afford the Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to the defendant's motion, the following notice is given. If the Plaintiff wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.

The Court evaluates a motion for judgment on the pleadings for failure to comply with the applicable statute of limitations using the following standards. Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). A motion for judgment on the pleadings is governed

by the same standard as a Rule 12(b)(6) motion. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore also a Rule 12(c) motion for judgment on the pleadings, a complaint must contain sufficient factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). Where there are dispositive issues of law, a court may dismiss a claim regardless of the factual allegations. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

Dismissal on statute-of-limitations grounds is "'appropriate *only* if it is apparent from the face of the complaint that the claim is time-barred' and '*only* if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute.'" *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005), *overruled on other grounds by Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010). Because § 1983 does not provide a statute of limitations, courts look to state law to determine when a claim must be brought. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "All constitutional claims brought

-2-

under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Georgia has a two-year statute of limitations for personal injury and wrongful death actions. *See* O.C.G.A. § 9-3-33.

If the Plaintiff does not timely respond to the motion to dismiss, the Court may dismiss his claims against the defendant. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. The Plaintiff may submit his argument to this Court by filing a brief in opposition to the defendant's motion. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

**SO ORDERED**, this 29th day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT