**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **STEVEN TODD FAIRCLOTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-CV-439 (MTT)** |
| | ) | |
| **Deputy PAUL SIMMONS, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Defendant Deputy Paul Simmons moves for judgment on the pleadings against Plaintiff Steven Todd Faircloth. ECF 21. Simmons argues that Faircloth's claims are barred by the statute of limitations and must be dismissed. *Id*. at 3–6. For the following reasons, Faircloth's motion for an extension of time to file a surreply (ECF 33) is **GRANTED,** and Simmons's motion for judgment on the pleadings (ECF 21) is **DENIED**.

## I. BACKGROUND

This action arises out of an alleged physical assault by Deputy Paul Simmons against Steven Todd Faircloth, a former detainee at the Houston County Detention Center. ECF 6 ¶¶ 4, 10. Faircloth alleges that he was arrested on September 11, 2023. *Id.* ¶ 15. He was taken to River's Edge, a behavioral health center, and then transferred to Houston County Detention Center. *Id.* ¶ 18.

Faircloth was placed in solitary confinement on September 23, 2023, in an eight-by-twelve-foot cell that was between 50 and 60 degrees, "filthy," and had a broken emergency call button. *Id.* ¶¶ 20–22. Faircloth alleges that he was ignored for four to

five days at a time. *Id.* ¶ 23. He repeatedly knocked to signal for help, causing his finger to swell and bruise. *Id.* ¶ 25. Faircloth alleges that "out of desperation," he wrapped a sheet around his hand and struck a metal desk to call for help. *Id.* ¶ 26.

On September 28, 2023, Faircloth alleges that he stood with his hands at his sides when Simmons opened the cell door, entered with a taser drawn, grabbed Faircloth by his jumpsuit, lifted him off the ground, shook him, and slammed his head into a concrete wall, causing a "golf-ball hematoma," while screaming at Faircloth for knocking on the door. *Id.* ¶¶ 27–31.

Faircloth alleges that after Simmons slammed his head into the wall, Simmons took Faircloth's mattress, blanket, cup, and "belongings," forcing Faircloth to sleep on the floor in cold conditions. *Id.* ¶¶ 32–33.

Faircloth further alleges that medical staff knew about the injury but provided only aspirin after two nurses examined him through a slot in the door. *Id.* ¶¶ 34–35. He claims that supervisors never followed up on the incident, even though Faircloth filed complaints about his treatment. *Id.* ¶¶ 36–41.

On October 7, 2025, Faircloth filed his initial complaint. ECF 1. On December 1, 2025, Faircloth filed an amended complaint. ECF 6. Faircloth asserts four claims against Simmons, including (1) excessive force, (2) deliberate indifference to medical needs, (3) conditions of confinement, and (4) state law assault and battery.[1] ECF 6 at 3;

---

[1] In his amended complaint, Faircloth asserted ten claims. ECF 6. However, the Court dismissed six for failure to state a claim. ECF 9. Accordingly, only four claims remain.

Because of an error in the Court's January 29, 2026 screening order (ECF 9), Simmons apparently thought Faircloth's amended complaint asserted a failure to protect claim against him. ECF 21-1 at 4; 30 at 5. It did not. Nor could it. Simmons is the alleged perpetrator. ECF 6 ¶¶ 10, 27–31. Faircloth has not alleged that Simmons failed to protect him from Simmons's alleged assault.

ECF 9 at 14. Simmons argues that the applicable two-year statute of limitations bars these claims and that they must be dismissed. ECF 21-1 at 4–6.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). "Where a defendant moves for judgment on the pleadings, the fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint." *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187 (N.D. Ga. 1978) (citing *Stanton v. Larsh*, 239 F.2d 104 (5th Cir. 1956)).[2]

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore also Rule 12(c), a complaint must contain sufficient factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Where there are dispositive issues of law, a court may dismiss a claim regardless of the factual allegations. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III. DISCUSSION

In his motion for judgment on the pleadings, Simmons argues that Georgia's two-year statute of limitations bars Faircloth's claims. ECF 21-1 at 4–6. "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (quoting *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998)). Georgia has a two-year statute of limitations for personal injury claims. *See* O.C.G.A. § 9-3-33.

Faircloth does not dispute that Georgia's two-year statute of limitations applies. ECF 28-1 at 3. Instead, Faircloth argues that Simmons's conduct amounted to aggravated assault and thus the statute of limitations is tolled under Georgia's Crime Victim's Tolling Statute, O.C.G.A. § 9-3-99. ECF 28-1 at 3–8. Under § 9-3-99:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years ….

O.C.G.A. § 9-3-99. Thus, the statute's application turns on whether Faircloth was the victim of an alleged crime and whether the statutory tolling period has ended.

In his reply, Simmons argues that (1) Faircloth did not properly plead tolling under § 9-3-99, (2) even if he did, Faircloth failed to establish that his claims could be tolled by § 9-3-99, and (3) even if § 9-3-99 does toll the limitations for Faircloth's excessive force and assault and battery claims, the remaining claims for deliberate indifference and conditions of confinement are time-barred because those claims did not "constitute[] a crime." ECF 30 at 2–5. The Court takes those arguments in turn.

**A. Whether Faircloth was Required to Plead Tolling**

Simmons argues that, in his amended complaint, Faircloth never alleged that Simmons's conduct amounted to aggravated assault or that Faircloth was otherwise the victim of a crime. ECF 30 at 2. Simmons further argues that Georgia law requires § 9-3-99 tolling to be raised in a complaint or by affidavit, and thus, Faircloth improperly raised § 9-3-99 tolling in response to a motion to dismiss. *Id.* at 2–3. Thus, Faircloth's effort to raise § 9-3-99 tolling in his response brief is an attempt to amend his complaint. *Id.* at 2.

The Court disagrees. While it is true that Georgia law requires that § 9-3-99 tolling be raised in a complaint or an affidavit, and that Georgia's statute of limitations applies in § 1983 cases, it does not follow that Georgia's procedure for raising § 9-3-99 tolling applies. The way in which tolling is raised is a question of procedure, not substance. "While the state statute of limitations as a bar to recovery is a matter of state substantive law, the manner by which it is asserted and established is a matter of procedure and federal principles control." *J. M. Blythe Motor Lines Corp. v. Blalock*, 310

F.2d 77, 78 (5th Cir. 1962). "A statute of limitations bar is 'an affirmative defense, and . . . plaintiffs [are] not required to negate an affirmative defense in [their] complaint.'" *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. 544 (quoting *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)); *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint.").

Simmons points the Court to two district court opinions in support of his argument. Neither is controlling. The first relies on the second, which in turn relies on a case from the Georgia Court of Appeals. *See Buchanan v. Lossing*, 2025 WL 2014324 (N.D. Ga. July 16, 2025); *Porter v. Freeman*, 2024 WL 2231673 (S.D. Ga. May 16, 2024); *Green v. Dep't of Corr.*, 365 Ga. App. 592 (2022). Neither district court opinion considers whether the requirement to raise tolling in a complaint or affidavit is procedural or substantive.

Even if the Court agreed with Simmons, the Court would not dismiss a pro se plaintiff's complaint without an opportunity to amend. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The Court would grant leave solely to correct the pleading defect.

**B. Whether § 9-3-99 Requires a Pending Investigation or Prosecution**

Simmons argues that Faircloth failed to establish that the statute of limitations for his claims was tolled under § 9-3-99 because Faircloth did not allege a pending

investigation or prosecution that would warrant tolling. ECF 30 at 3–4. In other words, Simmons reads § 9-3-99 to require an ongoing investigation or prosecution. *Id.*

But Simmons provides no case that affirmatively requires a pending investigation or prosecution.[3] And the Court has identified none.

Although some courts have considered the existence of an ongoing investigation in applying § 9-3-99, they have not held that one is required. *See*, *e.g.*, *Robinson v. Jones*, 2019 WL 13426355, at *2 (N.D. Ga. Oct. 8, 2019) (declining to find § 9-3-99 inapplicable where a prisoner filed a criminal warrant against jail assailants and alleged the investigation was ongoing).

Other courts have concluded that tolling ended where case-specific circumstances demonstrated that no further investigation or prosecution would occur. *See, e.g.*, *Shaw v. Peach Cty.*, 2021 WL 4203233, at *7 (M.D. Ga. Sept. 15, 2021) (concluding that a district attorney's decision to indict the plaintiff rather than the defendant indicated that any investigation or prosecution of the defendant had become final); *Winston v. Walsh*, 2019 WL 3068451, at *6 (M.D. Ga. July 12, 2019) (finding that where a district attorney publicly announced he would not pursue charges, prosecution was final within the meaning of the statute).

Courts have identified other situations in which it is clear that a prosecution "has become final" or "otherwise terminated." *See, e.g.*, *Shaw*, 2021 WL 4203233, at *6

[3] Simmons cites *Shaw v. Peach Cty.*, 2021 WL 4203233 (M.D. Ga. Sept. 15, 2021), *Seigler v. Baisden*, 2022 WL 22869645 (M.D. Ga. June 1, 2022), *Robinson v. Jones*, 2019 WL 13426355 (N.D. Ga. Oct. 8, 2019), and *Risco v. Brayton*, No. 5:24-cv-196 (MTT) (M.D. Ga. July 17, 2026). ECF 30 at 3–4. None of these cases, however, hold that § 9-3-99 requires a pending investigation or prosecution. *Siegler* comes the closest, but the Court is not persuaded. In *Siegler*, the plaintiff alleged only that he was prosecuted, and not that the alleged perpetrator was prosecuted. 2022 WL 22869645, at * 3. Thus, unlike here, the allegations reflected actual prosecutorial decision, although not necessarily a final decision concerning the alleged perpetrator.

(noting that prosecution is final where charges are dismissed, a guilty plea is entered, the trial is completed, or the state files a nolle prosequi); *see also Jenkins v. Keown*, 351 Ga. App. 428, 433 (2019) (holding that where "the time for any prosecution has come and gone" without any pending prosecution or possibility of a future one, prosecution is "final" or "otherwise terminated"); *Risco v. Brayton*, No. 5:24-cv-196 (MTT) (M.D. Ga. July 17, 2026) ECF 24 at 7–8 ("[I]f no criminal charges are brought within the applicable statute of limitations, there is no tolling.").

Simmons argues that Faircloth's own allegations establish that no investigation occurred because Faircloth alleges that his supervisors failed to investigate the assault despite his complaints. ECF 30 at 4. Again, to the extent Simmons argues that an investigation must have commenced for tolling to apply, the Court has found no authority to support that position. To the extent Simmons contends that these allegations establish that no investigation or prosecution will occur, the Court disagrees. Faircloth did not allege that *no* investigation occurred, only that those supervisory defendants did not investigate at that time. ECF 6 at 2–3. Other law enforcement could have investigated. Moreover, an investigation could still occur, since the criminal statute of limitations for aggravated assault has not run.[4] Faircloth has plausibly alleged facts that could show he was the victim of a crime,[5] and Simmons does not challenge the sufficiency of those allegations. Accordingly, the Court cannot conclude from the pleadings that § 9-3-99 tolling is unavailable.[6]

---

[4] The statute of limitations for aggravated assault in Georgia is four years. O.C.G.A. § 17-3-1(c).

[5] Faircloth alleges that Simmons entered his cell with a taser drawn, grabbed him, and slammed his head into a concrete wall, causing a hematoma. ECF 6 ¶¶ 27–31. Those allegations could constitute aggravated assault under Georgia law. *See* O.C.G.A. § 16-5-21(a)(2).

**C. Whether § 9-3-99 Applies to Claims That Do Not Independently Constitute Crimes**

Simmons argues that even if § 9-3-99 tolls Faircloth's excessive force and assault and battery claims, Faircloth's other claims are barred by the statute of limitations because those claims do not constitute crimes. ECF 30 at 5.

Faircloth argues that the inquiry turns on the facts underlying his claims rather than whether the claims themselves constitute crimes. ECF 33-1 at 2. The Court agrees. In *Harrison*, the Georgia Court of Appeals explained that § 9-3-99 applies to "any cause of action in tort" so long as it "arises out of the facts and circumstances relating to" the alleged crime. 338 Ga. App. at 398. The Court of Appeals noted that "arising out of" is construed broadly to include essentially any causal connection or relationship. *Id.* ("Almost any causal connection or relationship will do.") (quoting *BBL-McCarthy, LLC v. Baldwin Paving Co.*, 285 Ga. App. 494, 498 (2007)).

The proper inquiry, therefore, is whether each surviving claim arises out of the facts and circumstances relating to the alleged aggravated assault, not whether the conduct underlying each claim independently constitutes a crime. *Id.*

Faircloth's excessive force and assault and battery claims are based on conduct constituting an alleged aggravated assault. Those plainly arise out of the alleged crime.

Faircloth's deliberate indifference to medical needs claim also plausibly "arises out of" the facts and circumstances of the alleged aggravated assault under *Harrison*'s

---

[6] Faircloth suggests that *Harrison v. McAfee*, 338 Ga. App. 393 (2016), supports the conclusion that no investigation is required because the alleged perpetrator was never found and, therefore, no investigation could have occurred. ECF 33-1 at 1–2. *Harrison* does not establish, however, that no investigation occurred to search for the alleged perpetrator and whether that search would be sufficient to satisfy an "investigation" requirement.

broad “but-for” type analysis. 338 Ga. App. at 398. But for the alleged assault, there would not be a resulting head injury for anyone to be indifferent to. ECF 6 ¶¶ 34–35.

Faircloth’s conditions of confinement claim is less clear. Some conditions existed before the assault, like Faircloth already being placed in solitary in a “filthy,” cold cell. *Id.* ¶¶ 20, 22. Those conditions cannot “arise out of” the later assault. But other post-assault confinement allegations are intertwined with the assault. In his amended complaint, Faircloth asserts that Simmons immediately took Faircloth’s mattress, blanket, cup, and belongings after the alleged assault. *Id.* ¶¶ 32–33. Those facts could satisfy *Harrison*’s broad test.

Thus, § 9-3-99 may toll claims that satisfy *Harrison*’s broad test, even if the conduct underlying those claims does not itself constitute a crime. Simmons does not explain how Faircloth’s claims for deliberate indifference to medical needs or conditions of confinement fail that test. ECF 30 at 5. Instead, Simmons argues only that those claims “cannot be said” to “constitute a crime.”[7] *Id.* Because § 9-3-99 does not require each underlying claim to independently constitute a crime, Simmons’s argument provides no basis for finding those claims untimely.

## IV. CONCLUSION

Because Faircloth has plausibly alleged facts supporting tolling under O.C.G.A. § 9-3-99, this Court cannot resolve whether the statute of limitations bars his claims as a matter of law at this stage. Accordingly, Faircloth’s motion for an extension of time to file

[7] Defendants argue that Faircloth’s failure to protect claims cannot be tolled under § 9-3-99 because the underlying conduct does not constitute a crime. ECF 30 at 5. The Court need not address this argument. As discussed, Faircloth does not assert a failure to protect claim against Simmons. *See* ECF 6 at 3.

a surreply (ECF 33) is **GRANTED,** and Simmons's motion for judgment on the pleadings (ECF 21) is **DENIED**.

**SO ORDERED**, this 29th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT